COLUMBUS et al. v. FERNO CO. et al.

(Circuit Court of Appeals, Second Circuit. March 23, 1906.)

No. 134.

PATENTS—INFRINGEMENT—GAS HEATERS.

The Carter patent, No. 573,205, for a gas heater, *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

For opinion below, see 136 Fed. 229.

This cause comes here upon appeal from a decree of the Circuit Court, Eastern District of New York, dismissing a bill of complaint. The suit was for alleged infringement of United States letters patent No. 573,205, issued December 15, 1893, to J. W. Carter for a gas heater.

Louis Hicks, for appellants.
S. C. Massick, for appellees.

Before LACOMBE and COXE, Circuit Judges.

PER CURIAM. We concur in the conclusion that there is no infringement, and do not think it necessary to add anything to the discussion of the patent, which will be found in Judge Thomas' opinion. The first claim of the patent reads:

"(1) A gas-heating stove consisting of an outer cup-shaped shell provided with an ascending flue extending upward from its bottom and open at both ends and adapted to receive a gas-pipe, an inner cup-shaped shell disposed in said outer shell and united therewith at its upper edge, said inner shell being provided with a descending flue closed at its upper end and surrounding said ascending flue forming a mixing-space between them, a shallow mixing-chamber being formed at the lower part of the stove between said shells into which chamber said descending flue opens, said outer shell being provided with jet-openings."

The "ascending flue" receives air from its open bottom end, and gas from the pipe which discharges into it. It is manifestly a mixing-space, or mixing-chamber, and, as will be seen from the claim, two additional mixing-chambers are provided for in the structure of the patent, making three in all. The device of defendant has but two mixing-chambers and nothing which could be held to take the place of the third. Noninfringement is plain.

The decree is affirmed, with costs.